UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

THERESA J. HENRY                    CIVIL ACTION NO. 6:18-cv-01305

VERSUS                              JUDGE JUNEAU

TOWN OF DELCAMBRE, ET AL.           MAGISTRATE JUDGE HANNA

## REPORT AND RECOMMENDATION

Pending before the court is the Rule 12(b)(6) motion to dismiss the plaintiff's complaint for failure to state a claim upon which relief can be granted (Rec. Doc. 14), which was filed on behalf of defendants the Town of Erath, Erath Police Chief Anna Lapointe, and Erath Police Officer Larry Landry (sometimes hereinafter referred to collectively as "the Erath Defendants"). The motion is opposed. The motion was referred to this Court for report and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this Court. For the following reasons, it is recommended that the motion be GRANTED IN PART and DENIED IN PART, that the plaintiff be allowed to amend her complaint, and that the Erath Defendants be allowed to file another Rule 12(b)(6) motion to dismiss after reviewing the amended complaint.

## Background

In the complaint, the plaintiff, Theresa J. Henry, alleged that on the evening of October 5 to October 6, 2017, a call to law enforcement was made from her

residence.  The complaint did not explain who made the call or why the call was made; however, Ms. Henry alleged that Travas D. Mestas, an officer with the Delcambre police department, and Larry Landry, an officer with the Erath police department, responded to the call.  Ms. Henry alleged that Officer Mestas, who was wearing a body camera, filmed her "in a state of undress" and later displayed the footage to others.  Ms. Henry further alleged that Officer Mestas slammed a door in her face, breaking her nose, and that both Officer Mestas and Officer Landry "manhandled" her.  She alleged that the actions of the police officers escalated the incident to the point that she was arrested on simple battery charges and taken to the Iberia Parish jail.  She claimed that her mugshot was taken and she was required to post bail.  She further claimed that the Town of Delcambre submitted the arrest report and body camera footage to the office of the district attorney for the 16th Judicial District Court but refused to provide the arrest report or the film footage to Ms. Henry.  Ms. Henry alleged that no criminal charges arising out of this incident were brought against her.

Ms. Henry sued the Town of Delcambre; James Broussard, the chief of police for the Town of Delcambre; Officer Mestas; the Town of Erath; Anna Lapointe, the chief of police for the Town of Erath, and Officer Landry.  Chief Broussard, Officer Mestas, Chief Lapointe, and Officer Landry were sued in both their individual and

2

official capacities.    In her complaint, Ms. Henry asserted claims against the

individual defendants under 42 U.S.C. § 1983 for the alleged violation of her rights,

protected by the Fourth and Fourteenth Amendment to the United States

Constitution, to be free from unreasonable seizure, excessive force, abuse of process,

and malicious prosecution.    She also asserted Section 1983 claims for *Monell*

liability against the Town of Erath and the Town of Delcambre.  She also asserted

claims for assault and battery, false arrest, and illegal imprisonment against the

individual defendants.  Finally, she asserted state-law negligence claims against the

Town of Delcambre and the Town of Erath.  The Erath Defendants responded to the

complaint with the instant motion to dismiss.

## Law and Analysis

**A.    The Standard for Evaluating a Rule 12(b)(6) Motion**

A motion to dismiss for failure to state a claim under Rule 12(b)(6) of the

Federal Rules of Civil Procedure is properly granted when a defendant attacks the

complaint because it fails to state a legally cognizable claim.[1]  When considering a

motion to dismiss for failure to state a claim under Rule 12(b)(6), a district court

---

[1]    *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

must limit itself to the contents of the pleadings, including any attachments thereto.[2] The court must accept all well-pleaded facts as true, and it must view them in the light most favorable to the plaintiff.[3]  However, conclusory allegations and unwarranted deductions of fact are not accepted as true,[4] and courts "are not bound to accept as true a legal conclusion couched as a factual allegation."[5]

To survive a Rule 12(b)(6) motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."[6] The allegations must be sufficient "to raise a right to relief above the speculative level,"[7] and "the pleading must contain something more. . . than. . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action."[8]  "While a complaint. . . does not

---

[2]    *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).

[3]    *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotations omitted) (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).

[4]    *Kaiser Aluminum & Chemical Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982) (citing *Associated Builders, Inc. v. Alabama Power Company*, 505 F.2d 97, 100 (5th Cir. 1974)); *Collins v. Morgan Stanley*, 224 F.3d at 498.

[5]    *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

[6]    *Bell Atlantic v. Twombly*, 550 U.S. at 570.

[7]    *Bell Atlantic v. Twombly,* 550 U.S. at 555.

[8]    *Bell Atlantic v. Twombly,* 550 U.S. at 555 (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004)).

4

need *detailed* factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[9]  If the plaintiff fails to allege facts sufficient to "nudge[ ][his] claims across the line from conceivable to plausible, [his] complaint must be dismissed."[10]

A claim meets the test for facial plausibility "when the plaintiff pleads the factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[11]   "[D]etermining whether a complaint states a plausible claim for relief. . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[12] Therefore, "[t]he complaint (1) on its face (2) must contain enough factual matter (taken as true) (3) to raise a reasonable hope or expectation (4) that discovery will reveal relevant evidence of each element of a claim."[13]

---

[9]      *Bell Atlantic v. Twombly*, 550 U.S. at 555 (citations, quotation marks, and brackets omitted; emphasis added).  *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[10]      *Bell Atlantic v. Twombly*, 550 U.S. at 570.

[11]      *Ashcroft v. Iqbal*, 556 U.S. at 678.

[12]      *Ashcroft v. Iqbal*, 556 U.S. at 679.

[13]      *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. at 556).  See also *In Re Southern Scrap,* 541 F.3d 584, 587 (5th Cir. 2008).

## B.    <u>The Official-Capacity Claims</u>

In her complaint, the plaintiff asserted official-capacity claims against Chief Lapointe and Officer Landry under Section 1983 as well as a Section 1983 claim against the Town of Erath.  Section 1983 provides a claim against anyone who "under color of any statute, ordinance, regulation, custom, or usage, of any State" violates another's constitutional rights.[14]  Section 1983 is not a source of substantive rights; it merely provides a method for vindicating federal rights conferred elsewhere.[15]  To state a Section 1983 claim, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law.[16]  A local governmental entity can be sued under Section 1983 when it is alleged that the municipality implemented or executed a policy or custom that resulted in the deprivation of a constitutional right.[17]  To state a claim for municipal liability under Section 1983, a plaintiff must allege an official policy or custom, of which a

---

[14]    42 U.S.C. § 1983.

[15]    *Graham v. Connor*, 490 U.S. 386, 393-94 (1989); *Baker v. McCollan*, 443 U.S. 137, 144, n. 3 (1979); *Hernandez ex rel. Hernandez v. Texas Dep't of Protective & Regulatory Servs.*, 380 F.3d 872, 879 (5th Cir. 2004).

[16]    *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013); *Moore v. Willis Indep. Sch. Dist.*, 233 F.3d 871, 874 (5th Cir.2000).

[17]    *Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 690 (1978).

policy maker had actual or constructive knowledge, and a constitutional violation whose moving force was that policy or custom.[18]

In support of their motion to dismiss, the Erath Defendants argued that the official-capacity claims should be dismissed because they are duplicative of the plaintiff's claims against the Town of Erath. "A judgment in a § 1983 lawsuit against an official in his official capacity imposes liability against the entity he represents."[19] Therefore, it is "well settled that a suit against a municipal official in his or her official capacity is simply another way of alleging municipal liability."[20] When, as in this case, the government entity itself is a defendant in the litigation, claims against specific individuals in their official capacities are redundant, and for that reason, courts in this circuit have found that it is appropriate to dismiss them.[21]

---

[18]    *Pineda v. City of Houston*, 291 F.3d 325, 328 (5th Cir. 2002); *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001).

[19]    *Deshotels v. Village of Pine Prairie*, No. 11-CV-2052, 2012 WL 1712358, at *4 (W.D. La. Apr. 13, 2012), *report and recommendation adopted*, 2012 WL 1712549 (W.D. La. May 15, 2012). See, also, *Woodard v. Andrus*, 419 F.3d 348, 352 (5th Cir. 2005).

[20]    *Howell v. Town of Ball*, No. 12-951, 2012 WL 3962387, at *4 (W.D. La. Sept. 4, 2012), aff'd 827 F.3d 515 (5th Cir. 2016) (citing *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978)).

[21]    See, e.g., *Castro Romero v. Becken*, 256 F.3d 349, 355 (5th Cir. 2001) ("The district court was also correct in dismissing the allegations against all of the municipal officers and two of the employees of the Corps of Engineers in their official capacities, as these allegations duplicate claims against the respective governmental entities themselves."); *Flores v. Cameron County, Tex.*, 92 F.3d 258, 261(5th Cir. 1996).

In keeping with this principle, this Court finds that the plaintiff's claims against Chief Lapointe and Officer Landry in their official capacities are redundant of the claim asserted against the Town of Erath. Therefore, it is recommended that the Erath Defendants' motion be granted with regard to the official-capacity claims against Chief Lapointe and Officer Landry and that those official-capacity claims be dismissed.

## C.    The Individual-Capacity Claims

The plaintiff's complaint also asserted individual-capacity claims against Chief Lapointe and Officer Landry. In support of their motion to dismiss, the Erath Defendants argued that the complaint is lacking in sufficient factual detail to state individual-capacity claims against Chief Lapointe and Officer Landry.

To establish an individual-capacity claim under Section 1983, a claimant must show that the defendant was either personally involved in a constitutional deprivation or that his wrongful actions were causally connected to the alleged constitutional deprivation.[22]   Alternatively, a supervisory official such as Chief Lapointe may be liable under Section 1983 if he or she implemented a policy so

---

[22]    *Jones v. Lowndes County, Miss.*, 678 F.3d 344, 349 (5th Cir. 2012); *Douthit v. Jones*, 641 F.2d 345, 346 (5th Cir. 1981).

deficient that the policy itself acts as a deprivation of constitutional rights.[23] Supervisory officers such as Chief Lapointe cannot be held liable under Section 1983 for the actions of their subordinates on any theory of vicarious liability; instead, only the direct acts or omissions of government officials, not the acts of subordinates, will give rise to individual liability under Section 1983.[24]  In this case, the plaintiff's complaint is lacking in factual allegations against Chief Lapointe supporting the conclusion that she implemented any such policy.   Similarly, the plaintiff's complaint is lacking in factual allegations regarding the role that Officer Landry played in the incident involving Ms. Henry.

It is unclear from the face of the complaint precisely to what extent either Officer Landry or Chief Lapointe was involved – if at all – in the events that the plaintiff is complaining about.  The plaintiff alleged that Officer Landry was present during the incident, that his actions "escalated this event," and that he "participated in the manhandling and arrest" of Ms. Henry.  (Rec. Doc. 1 at 5).  But the facts are so sparse that it is not possible to determine exactly how Officer Landry learned that he should go to the plaintiff's home, when he arrived at the scene, what he did once

---

[23]      *Thompkins v. Belt*, 828 F.2d 298, 303-04 (5th Cir. 1987); *Cronn v. Buffington*, 150 F.3d 538, 544 (5th Cir. 1998); *Alton v. Texas A & M*, 168 F.3d at 200.

[24]      *Alton v. Texas A & M University*, 168 F.3d 196, 200 (5th Cir. 1999).

he got there, which of his actions allegedly caused an escalation of tension between the persons at the scene, whether he had any physical contact with Ms. Henry, whether he actually arrested Ms. Henry, whether he transported her to the Iberia Parish jail, or what his actual involvement in the incident was. In sum, the facts alleged with regard to Officer Landry are insufficient to state a viable claim against him.

Similarly, the plaintiff alleged very few facts with regard to Chief Lapointe. The plaintiff did not allege that Chief Lapointe was present during the alleged incident or that she was personally involved in Ms. Henry's arrest in any way. Instead, the plaintiff alleged that Chief Lapointe supervised Officer Landry (Rec. Doc. 1 at 3, 9, 10), was the Town of Erath's "policymaker and/or decision maker regarding law enforcement training, supervision, rules[,] and procedures" (Rec. Doc. 1 at 3), and was the "final policy maker with regards to the Erath Police Department" (Rec. Doc. 1 at 4). The plaintiff further alleged that Officer Landry acted in accordance with the Town of Erath's policies and that his actions were a direct consequence of the Town of Erath's policies and practices, but no specific policy or practice confected and implemented by Chief Lapointe was identified. Similarly, no specific actions or decisions by Chief Lapointe were identified in the complaint that

would support the conclusion that she was personally involved in the events complained of by the plaintiffs.

While the complaint does not allege facts clearly setting forth Officer Landry's or Chief Lapointe's role in the alleged events or in the confection or implementation of relevant policies, the plaintiff requested an opportunity to amend her complaint. Therefore, it is recommended that the Erath Defendants' motion be denied with regard to the individual-capacity claims asserted by the plaintiff and that the plaintiff be allowed to amend her complaint, as is discussed in greater detail below.

**D.    The Malicious Prosecution Claim under Section 1983**

In her complaint, the plaintiff asserted a malicious prosecution claim under Section 1983. In support of their motion to dismiss, the Erath Defendants argued that there is no such claim.

The Fifth Circuit has held that there is no freestanding constitutional right to be free from malicious prosecution and that Section 1983 malicious prosecution claims must be based on a specific constitutional violation rather than on a violation of state law.[25] A plaintiff must show that the defendant officials violated specific

---

[25]    *Deville v. Marcantel*, 567 F.3d 156, 169-70 (5th Cir. 2009); *Castellano v. Fragozo*, 352 F.3d 939, 945 (5th Cir. 2003) (en banc).

constitutional rights in connection with an alleged malicious prosecution. "For example, the initiation of criminal charges without probable cause may set in force events that run afoul of the. . . Fourth Amendment if the accused is seized and arrested. . . or other constitutionally secured rights if a case is further pursued. However, these are not claims for malicious prosecution."[26]  Thus, in this case, Ms. Henry does not have an independently cognizable Section 1983 claim for malicious prosecution.  Accordingly, it is recommended that the Erath Defendants' motion to dismiss should be granted with regard to the plaintiff's Section 1983 malicious prosecution claim and that any such claim should be dismissed.

**E.**     **The Plaintiff's *Monell* Claim and Her State-Law Claims**

In support of their motion to dismiss, the Erath Defendants argued that the plaintiff's complaint is lacking in factual detail sufficient to state a Section 1983 claim against the Town of Erath (i.e., a "*Monell* claim") or to state claims arising under Louisiana state law against the Erath Defendants.  This Court agrees that the factual detail set forth in the complaint is sparse at best and likely is insufficient to support valid claims under *Monell* or under Louisiana state law.  The factual deficiencies identified in preceding sections of this report are equally applicable to

---

[26]     *Deville v. Marcantel*, 567 F.3d at 169 (internal quotation marks and citations omitted).

the *Monell* and state-law claims. However, the plaintiff requested an opportunity to amend her complaint. Therefore, it is recommended that the Erath Defendants' motion be denied with regard to the *Monell* claim asserted against the Town of Erath and the state-law claims asserted against the Erath Defendants and that the plaintiff be allowed to amend her complaint, as is discussed in greater detail below.

**F.   The Plaintiff's Request for Leave to Amend**

In response to the Erath Defendants' motion, the plaintiff requested an opportunity to amend her complaint. "A motion to dismiss under rule 12(b)(6) 'is viewed with disfavor and is rarely granted.'"[27] Under Fed. R. Civ. P. 15, a court should freely give leave to amend a complaint when justice so requires. Therefore, a court "[g]enerally. . . should not dismiss an action for failure to state a claim under Rule 12(b)(6) without giving plaintiff 'at least one chance to amend.'"[28] Indeed, "district courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a

---

[27]   *Lowrey v. Texas A & M University System*, 117 F.3d 242, 247 (5th Cir. 1997) (quoting *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982)).

[28]   *Hernandez v. Ikon Office Solutions, Inc*., 306 F. App'x 180, 182 (5th Cir. 2009); *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co*., 313 F.3d 305, 329 (5th Cir. 2002). See also *Jackson v. Procunier*, 789 F.2d 307, 310 (5th Cir. 1986) (noting that "[a] complaint sought to be dismissed under Rule 12(b)(6) may generally be amended to cure its deficiencies.").

manner which will avoid dismissal."[29]  The decision to allow amendment of a party's pleadings is within the sound discretion of the district court.[30]

This Court finds that it would be inequitable to dismiss the plaintiff's complaint without allowing her an opportunity to remedy the sparseness of the factual allegations set forth in the complaint.  Therefore, it is recommended that the plaintiff be permitted to file an amended complaint for the purpose of alleging a more detailed factual basis for all of the plaintiff's remaining claims.  It is also recommended that the Erath Defendants be afforded an opportunity to file another Rule 12(b)(6) motion to dismiss if necessary or appropriate following the filing of the amended complaint.

## Conclusion

For the foregoing reasons,

IT IS RECOMMENDED that the defendants' motion to dismiss (Rec. Doc. 14) be GRANTED IN PART and DENIED IN PART.  More particularly, it is recommended:

---

[29]     *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d at 329.

[30]     *Norman v. Apache Corp.*, 19 F.3d 1017, 1021 (5th Cir. 1994); *Avatar Exploration, Inc. v. Chevron, U.S.A., Inc.*, 933 F.2d 314, 320 (5th Cir. 1991).

(a) that the motion be granted with regard to the official-capacity claims against Police Chief Anna Lapointe and Police Officer Larry Landry and that those claims be dismissed without prejudice because they are redundant of the plaintiff's claims against the Town of Erath;

(b)    that the motion be granted with regard to the plaintiff's malicious prosecution claim under Section 1983 because there is no such claim and that the claim be dismissed without prejudice, without prejudice to and reserving any malicious prosecution claim that the plaintiff might have under state law;

(c) that the motion be denied in all other respects;

(d) that the plaintiff be granted leave of court to file an amended complaint; and

(e) that the Erath Defendants be allowed to reurge their motion to dismiss after review of the amended complaint, if necessary and appropriate.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

15

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error.[31]

Signed at Lafayette, Louisiana on April 25th , 2019.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE

---

[31]    See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1).

16